Richard **BONNEAU**, Plaintiff,

v.

**GUIDANCE FISHING CORPORATION,**
Defendant.

Civil Action No. 95–10590–MEL.

United States District Court,
D. Massachusetts.

Feb. 28, 1996.

Thomas J. Hunt, Law Offices of Thomas J. Hunt, Boston, MA, for Plaintiff.

David Farrell, Jr., Rose Connors, Connors & Farrell, South Chatham, MA, for Defendant.

LASKER, District Judge.

Richard Bonneau brought this suit against Guidance Fishing Corporation for negligence and unseaworthiness under the Jones Act and for maintenance and cure under maritime law. The negligence and unseaworthiness claims were decided by a jury on January 22, 1996. Bonneau now moves for a monetary award for maintenance and cure. Guidance opposes the motion on procedural and substantive grounds.

I. Procedural Issues

The parties' joint pre-trial memorandum stated that "the Complaint's Third Cause of Action [for maintenance and cure] should be dismissed...." On the third day of trial, Bonneau represented to the court that the maintenance and cure claim had not been waived, and the parties agreed to submit the matter to the court.

Guidance argues 1) that the joint representation of the parties in the pre-trial memorandum amounted to a voluntary dismissal by Bonneau of the maintenance and cure claim or 2) that because Bonneau had first filed a complaint on February 6, 1995 which was dismissed without prejudice for failure to return a served summons, "when Bonneau's Third Cause of Action was dismissed [in the pre-trial memorandum filed in this case], that constituted the second time plaintiff had voluntarily dismissed his maintenance and cure claim." Thus, according to Guidance, Bonneau's second "dismissal" "operates as an adjudication upon the merits" under Rule 41(a)(1) of the Federal Rules of Civil Procedure.

I conclude that while the language of the joint pre-trial memorandum constitutes an admission by Bonneau that all amounts due up to that time had been paid, it does not constitute a voluntary dismissal or a waiver of future justifiable claims. Moreover, because Bonneau's representation in the pre-trial memorandum does not constitute a "voluntary dismissal" or a "notice of dismissal," it does not "operate as an adjudication upon the merits" under Rule 41(a)(1).

II. Maintenance and Cure: Maximum Cure

On November 18, 1993, Bonneau sustained injuries to his right ankle while working aboard the Guidance. At the time of the accident, Bonneau was a member of the Guidance crew. Under the doctrine of maintenance and cure, a vessel owner is obligated to pay maintenance and cure to a seaman who is injured in the service of his employer's vessel, but only to the point of maximum cure—"until [plaintiff] is so far cured as possible." *Farrell v. United States,* 336 U.S. 511, 518, 69 S.Ct. 707, 711, 93 L.Ed. 850 (1949). Until the time of trial, all existing medical bills and maintenance payments had been properly paid by Guidance. However, the parties disagree about whether Bonneau

is entitled to receive payments for future maintenance and cure.

Bonneau argues that all three physicians who testified at trial concluded that he will require ankle surgery in the future and that, therefore, he has not achieved maximum cure. Bonneau contends further that the costs of maintenance and cure are ascertainable, based on Dr. Mizel's testimony that Bonneau will require two additional operations, with a six-month period of convalescence after each.

Guidance takes the position that Bonneau is not entitled to further maintenance and cure because 1) it is "medically impossible" to attribute a need for a future ankle fusion to the injury Bonneau sustained aboard the Guidance; 2) Bonneau has reached the point of maximum cure; and 3) Guidance has no obligation to pay for maintenance and cure before Bonneau has accrued such expenses.

▪ A seaman is entitled to maintenance and cure in "such amounts as may be need[ed] in the immediate future for the maintenance and cure of a kind and for a period which can be definitely ascertained." *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 531–532, 58 S.Ct. 651, 655, 82 L.Ed. 993 (1938). However, the doctrine of maintenance and cure

> does not hold a ship to permanent liability for a pension, neither does it give a lump-sum payment to offset disability based on some conception of expectancy of life.

*Farrell*, 336 U.S. at 519, 69 S.Ct. at 711.

▪ Without deciding whether the need for a future operation may arise, I conclude that additional payment of maintenance and cure is not allowable at this time. None of the doctors' opinions stated that an ankle surgery would be necessary "in the immediate future" as required by *Calmar*. Moreover, where a future operation is presently only a possibility, maintenance and cure cannot be "definitely ascertained" and thus, cannot be awarded. While the rule that

> the seaman will be abandoned to his own devices at the time his condition becomes hopeless may sound harsh ... The rule is obviously a manipulable one: no two men (or judges) need agree on when the point

of maximum cure or improvement has been reached. Furthermore ... the seaman is not foreclosed by a present denial of future benefits; he can try again and recover further benefits if he can persuade judge or jury that, because of changes in his own condition or advances in the medical art, there is now a possibility of further improvement.

Gilmore and Black, Law of Admiralty 299 (2d ed., 1975); *see also Pelotto v. L & N Towing Co.*, 604 F.2d 396, 401 (5th Cir.1979) (seamen accorded right "to bring serial suits to collect maintenance payments as they come due"); *Myers v. Isthmian Lines, Inc.*, 282 F.2d 28, 32 n. 4 (1st Cir.1960) (if greater recovery possible in future, maintenance expenses necessary to utilize treatment could be basis for additional liability).

Whether a future ankle fusion will be necessary as a result of the accident aboard the Guidance and whether that operation will be found "curative" remains for later determination.

Bonneau's present claim for maintenance and cure is dismissed without prejudice to renewal on a proper showing.

It is so ordered.